UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:13-cv-21411-JLK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

BAPTIST HEALTH SOUTH FLORIDA,
INC.

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Baptist Health South Florida, Inc. ("Baptist"), by and through its undersigned counsel, hereby answers the complaint filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and asserts affirmative defenses thereto.

### ANSWER

Baptist answers the complaint in correspondingly numbered paragraphs, as set forth below:

**Preamble.** Baptist denies that this is an action to correct unlawful employment practices on the basis of disability as no unlawful employment practices, as alleged, ever occurred. Baptist also denies that Dr. Campos-Sackley was unlawfully terminated by Baptist because (1) Dr. Campos-Sackley never was an employee of Baptist and (2) Dr. Campos-Sackley, a former employee of Doctors Hospital, Inc. ("Doctors Hospital"), was not unlawfully terminated by her employer.

    **1.** Baptist admits that this Court has jurisdiction over the claim asserted herein, but denies the sufficiency of same.

2. Baptist denies that any unlawful employment practices were committed but admits that venue is proper in this Court.

3. Baptist admits that the EEOC is authorized to bring this action but states that it is authorized only to bring this action against the employer of Dr. Campos-Sackley, not against Baptist, which never had an employment relationship with her.

4. Baptist admits that it continuously has done business in the State of Florida and has at least 15 employees, but denies the remaining allegations set forth in paragraph 4.

5. While Baptist admits that it is an "employer" engaged in an industry affecting commerce, as that term is defined, it expressly denies that it had an employment relationship with Dr. Campos-Sackley. Accordingly, Baptist improperly has been named as the defendant in this lawsuit.

6. Baptist admits that it is an "employer" and, thus, a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). However, Baptist denies that it ever had an employment relationship with Dr. Campos-Sackley and, therefore, asserts that Baptist improperly has been named as the defendant herein.

7. Baptist denies the allegations set forth in paragraph 7. The Charge of Discrimination filed by Dr. Campos-Sackley states, on its face, that Dr. Campos-Sackley executed an employment agreement with Doctors Hospital and that her employment relationship was with that entity.

8. Baptist denies the allegations set forth in paragraph 8. The Letter of Determination issued by the EEOC was directed only to Doctors Hospital, the employer of Dr. Campos-Sackley, and was not directed to Baptist.

9. Baptist denies that any unlawful employment practices occurred, as set forth in paragraph 9. Baptist admits that, prior to the institution of this law suit, attempts were made by

representatives of the EEOC and of Doctors Hospital, the employer of Dr. Campos-Sackley, to resolve this matter, which efforts were unsuccessful.

10. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, denies same.

11. Baptist admits that it is a non-profit health care organization in Florida and denies the remaining allegations set forth in paragraph 11.

12. Baptist admits that Doctors Hospital is located in Coral Gables, Florida and denies the remaining allegations set forth in paragraph 12.

13. Baptist admits that Doctors Hospital has a Gamma Knife Program in which Dr. Campos-Sackley was employed.

14. Baptist admits the allegations set forth in paragraph 14.

15. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 15 and, therefore, denies same.

16. Baptist admits the allegations set forth in paragraph 16.

17. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 17 and, therefore, denies same.

18. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 18 and, therefore, denies same.

19. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 19 and, therefore, denies same.

20. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 20 and, therefore, denies same.

21. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 21 and, therefore, denies same.

**22.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 22 and, therefore, denies same.

**23.** Baptist admits the allegations set forth in paragraph 23.

**24.** Baptist denies that it ever offered Dr. Campos-Sackley an employment position and, thus, denies the allegations set forth in paragraph 24. Baptist states that, on November 18, 2010, Doctors Hospital offered Dr. Campos-Sackley a position as a physician in its Gamma Knife Program, which Dr. Campos-Sackley accepted. Baptist also admits that Dr. Campos-Sackley began working at Doctors Hospital, under the supervision of Dr. Wolf.

**25.** Baptist admits that, as a physician, Plaintiff worked closely with Dr. Wolf as an assistant.

**26.** Baptist admits that paragraph 26 sets forth some of the job duties of Plaintiff.

**27.** Baptist denies the allegations set forth in paragraph 27.

**28.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 28 and, therefore, denies same.

**29.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 29 and, therefore, denies same.

**30.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 30 and, therefore, denies same.

**31.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 31 and, therefore, denies same.

**32.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 32 and, therefore, denies same.

**33.** Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 33 and, therefore, denies same.

34. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 34 relating to the hours Dr. Campos-Sackley was required to work on Fridays and, therefore, denies same. Baptist denies the remaining allegations set forth in paragraph 34.

35. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 35 and, therefore, denies same.

36. Baptist admits that, in order to perform the essential functions of her position, Dr. Campos-Sackley was sometimes required to work in excess of eight hours in a day, a condition to which she agreed at the outset of her employment. Baptist otherwise denies the allegations set forth in paragraph 36.

37. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 37 and, therefore, denies same.

38. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 38 and, therefore, denies same.

39. Baptist is without knowledge sufficient either to admit or deny the allegations set forth in paragraph 39 and, therefore, denies same.

40. Baptist admits that, on or about January 10, 2011, Dr. Campos-Sackley advised Mr. Mungo that she needed her rest and that she needed to reduce her work hours to eight hours per day. Baptist otherwise denies the allegations set forth in paragraph 40.

41. Baptist admits that Mr. Mungo told Dr. Campos-Sackley that he would speak to Dr. Wolf. Baptist otherwise denies the remaining allegations set forth in paragraph 41.

42. Baptist is without knowledge sufficient to admit or deny the allegations set forth in paragraph 42 and, therefore, denies same.

43. Baptist admits that, during her meeting with Mr. Mungo and Ms. Joakimsen, Dr. Campos-Sackley requested that her work hours be reduced to eight hours per day and Mr.

Mungo and Ms. Joakimsen indicated that they would speak with Dr. Wolf about her request. Baptist otherwise denies the remaining allegations set forth in paragraph 43.

    44. Baptist denies the allegations set forth in paragraph 44.

    45. Baptist admits the allegations set forth in paragraph 45.

    46. Baptist denies the allegations set forth in paragraph 46.

    47. Baptist admits that, because Dr. Campos-Sackley could no longer fulfill the terms of her employment agreement with Doctors Hospital, she was referred to Doctors Hospital's Integrated Disability Management Department in order to engage in the interactive process in an attempt to identify a reasonable accommodation for her, including a leave of absence and reassignment to a vacant position. Baptist otherwise denies the remaining allegations set forth in paragraph 47.

    48. Baptist admits the allegations set forth in paragraph 48 but states that Plaintiff also asserted that she could not work more than 8 hours per day.

    49. Baptist admits the allegations set forth in paragraph 49.

    50. Baptist denies the allegations set forth in paragraph 50.

    51. Baptist denies the allegations set forth in paragraph 51.

    52. Baptist denies the allegations set forth in paragraph 52.

    53. Baptist denies the allegations set forth in paragraph 53.

    54. Baptist denies the allegations set forth in paragraph 54.

    55. Baptist denies the allegations set forth in paragraph 55.

Wherefore, Defendant denies that Plaintiff is entitled to any of the relief it seeks and it requests that it be awarded its reasonable costs and attorneys' fees in accordance with applicable law, along with such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant states as follows:

### First Affirmative Defense

Dr. Campos-Sackley never was employed by Defendant, Baptist Health South Florida, Inc. and, therefore, Plaintiff cannot state a claim against it on her behalf.

### Second Affirmative Defense

Dr. Campos-Sackley is not a qualified individual with a disability under Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

### Third Affirmative Defense

Dr. Campos-Sackley is not otherwise qualified within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112.

### Fourth Affirmative Defense

The accommodation requested by Dr. Campos-Sackley was not reasonable because it would have imposed on her employer, Doctors Hospital, an undue hardship on the operations of its business.

### Fifth Affirmative Defense

The accommodation requested by Dr. Campos-Sackley was not reasonable because, if provided by her employer, Doctors Hospital, would not have enabled her to perform the essential functions of her position.

### Sixth Affirmative Defense

Dr. Campos-Sackley could not be reasonably accommodated within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112.

### Seventh Affirmative Defense

The actions complained of were required by business necessity and were based upon factors other than the alleged disability of Dr. Campos-Sackley.

### Eighth Affirmative Defense

The employment practices of Doctors Hospital and of Baptist, to the extent they are relevant herein, are now, and have been during the period of time referred to in the complaint, conducted in all respects in accordance with applicable laws and regulations.

### Ninth Affirmative Defense

Dr. Campos-Sackley has failed to mitigate her alleged damages.

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233


By: /s/ Eric D. Isicoff
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 0092166
    Yannuzzi@irlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 16th day of May, 2013, upon the following:

Aarrin Golson, Esq.
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
aarrin.golson@eeoc.gov

                                        By: /s/ Eric D. Isicoff
                                                Eric D. Isicoff