UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21411-CIV-KING

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,
and

LIANETTE CAMPOS-SACKLEY,

    Intervenor,
v.

BAPTIST HEALTH SOUTH FLORIDA, INC.,

    Defendant.
_____/

## LIANETTE CAMPOS-SACKLY'S COMPLAINT IN INTERVENTION

Intervenor, Dr. Lianette Campos-Sackley, files this complaint in intervention as a party-plaintiff, as authorized by Federal Rule of Civil Procedure 24.

### A. PARTIES

1.    Intervenor, Dr. Lianette Campos-Sackley, is an individual.

2.    Plaintiff, Equal Employment Opportunity Commission, ("EEOC"), sued Defendant, Baptist Health South Florida, Inc., ("Defendant"), as authorized by Section 107(a) of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

3. Defendant is an employer within the meaning of ADA and the Florida Civil Rights Act, as amended, ("FCRA").

## B. ORIGINAL LAWSUIT

4. EEOC sued Defendant for its violations of the ADA. Specifically, EEOC alleges that Baptist failed to make reasonable accommodations to Intervenor, Dr. Campos-Sackley, in violation of Section 102 of Title I of the Americans with Disabilities Act, (Hereinafter "ADA"), 42 U.S.C. § 12112 as amended when Defendant unlawfully refused Dr. Campos-Sackley the reasonable accommodations of a schedule modification based on her disability, epilepsy, for which she was qualified, and instead terminated her employment.

5. Defendant filed an answer denying liability and asserting nine affirmative defenses.

## C. INTERVENOR'S CLAIMS

6. On July, 19, 2011, Intervenor, Dr. Campos-Sackley, timely filed a Charge of Discrimination, ("Charge"), with the EEOC and the Florida Commission on Human Relations alleging that Defendant discriminated against her because of her disability by not providing her a reasonable accommodation and instead terminating her employment.

7. Intervenor, Dr. Campos-Sackley, alleged in her Charge that Defendant violated the ADA, and the FCRA.

8. Intervenor, Dr. Campos-Sackley, alleges that Baptist failed to make reasonable accommodations to her in violation of the ADA and the FCRA when Defendant unlawfully refused her the reasonable accommodations of a schedule modification based on her disability, epilepsy, for which she was qualified, and instead terminated her employment.

9. EEOC's original lawsuit alleges the same claims under the ADA.

10. Dr. Campos-Sackley's claims under the FCRA include the same facts as under the

ADA.

11.    Dr. Campos-Sackley's claims under the FCRA include the same questions of law as under the ADA.

## D. DAMAGES

12.    Intervenor, Dr. Campos-Sackley, has been damaged as a result of Defendant's violations of the ADA and the FCRA.

13.    Intervenor, Dr. Campos-Sackley's damages include but are not limited to, lost wages and benefits, mental anguish, emotional distress, humiliation, embarrassment, loss of dignity, loss of enjoyment of life, and the loss of the enjoyment of practicing her profession.

## E. RELIEF SOUGHT

14.    Intevenor, Dr. Campos-Sackley, demands a judgment against Defendant awarding her the following:

   a. Back pay and benefits with prejudgment interest in the amounts to be determined at trial;

   b. Compensatory damages to make her whole for past and future pecuniary losses resulting from Defendant's unlawful employment practices, including but not limited to job search expenses and medical expenses, in the amounts to be determined at trial;

   c. Front pay;

   d. Compensatory damages to make her whole for past and future non-pecuniary damages injuries and losses resulting from Defendant's unlawful employment practices, including but not limited to mental anguish, emotional distress,

      humiliation, embarrassment, loss if dignity, loss of enjoyment of life, and the loss of the enjoyment of practicing her profession, in amounts to be determined at trial;

e. Punitive damages for Defendants malicious and reckless indifference to her protected rights;

f. Costs, including attorney's fees, pursuant to the 42 USC §12117(a), 42 USC §200e-5(k) and Florida Statute, §760.11(5); and

g. Any further relief that the Court deems appropriate to make Intervenor whole or as justice requires.

### F. JURY DEMAND

15. Intervenor, Dr. Campos-Sackley, demands trial by jury.

Respectfully submitted,

BY:   /s/  Paul F. Penichet
Paul F. Penichet
FBN. 899380

Paul F. Penichet, P.A.
Counsel for Dr. Campos-Sackley
907 Biscayne Building
19 W. Flagler Street
Miami, FL 33130
Tel. (305) 373-8809
Fax. (305) 373-8810
paul@penichetlaw.com

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via ECM/electronic mail on <u>June 12, 2013</u> on all counsel or parties of record on the Service List below.

By: <u>/s/ Paul F. Penichet</u>
Paul F. Penichet, Esq.
FBN: 0899380

**SERVICE LIST**

Aarrin Benatra Golson
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 SE 2nd Street
Suite 1500
Miami, FL 33131
Tel: 305-808-1783
Fax: 305-808-1835
Aarrin.golson@eeo.gov
*Counsel for EEOC*

Eric David Isicoff
isicoff@irlaw.com
Teresa Ragatz
ragatz@irlaw.com
Christopher Michael Yannuzzi
yannuzzi@irlaw.com
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
*Counsel for Defendant*