# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### Case No. 1:13-cv-21411-JLK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

and

LIANETTE CAMPOS-SACKLEY,

      Intervenor,

vs.

BAPTIST HEALTH SOUTH FLORIDA,
INC.,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT IN INTERVENTION

Defendant, Baptist Health South Florida, Inc. ("Baptist"), by and through its undersigned counsel, hereby answers the Complaint in Intervention filed by Intervenor, Lianette Campos-Sackley ("Dr. Campos-Sackley"), and asserts affirmative defenses thereto.

### ANSWER

Baptist answers the Complaint in Intervention in correspondingly numbered paragraphs, as set forth below:

    1.    Baptist admits the allegations contained in paragraph 1.

2.      Baptist admits that the EEOC is authorized to bring this action but states that it is authorized only to bring this action against the employer of Dr. Campos-Sackley - - not against Baptist, which never had an employment relationship with her.

3.      Baptist admits that it is an "employer" as defined under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA") but denies that it ever had an employment relationship with Dr. Campos-Sackley.

4.      Baptist admits that the EEOC has sued Baptist for alleged violation of the ADA but denies the remaining allegations set forth in paragraph 4.

5.      Baptist admits the allegations set forth in paragraph 5.

6.      Baptist admits that Dr. Campos-Sackley timely filed a Charge of Discrimination ("Charge") with the EEOC and the Florida Commission on Human Relations but states that the Charge speaks for itself and denies the allegations contained therein.

7.      Baptist states that the Charge speaks for itself and denies the allegations set forth in paragraph 7.

8.      Baptist denies the allegations set forth in paragraph 8.

9.      Baptist states that the EEOC's lawsuit against Baptist speaks for itself, and Baptist herein incorporates its Answer and Affirmative Defenses thereto (D.E. 7).

10.     Baptist is without knowledge as to the alleged facts Dr. Campos-Sackley believes give rise to a claim under the FCRA and, therefore, denies the allegations set forth in paragraph 10.

11.      Baptist is without knowledge as to the basis for Dr. Campos-Sackley's claims under the FCRA as they are not set forth. Similarly, Baptist is without knowledge as to the

questions of law referenced in paragraph 11. Accordingly, the allegations set forth in paragraph 11 are denied.

      12.    Baptist denies the allegations set forth in paragraph 12.

      13.    Baptist denies the allegations set forth in paragraph 13.

      14.    Baptist admits that Dr. Campos-Sackley demands judgment against Baptist but denies her entitlement to any of the relief sought.

WHEREFORE, Baptist denies that Dr. Campos-Sackley is entitled to any of the relief she seeks and requests that judgment be entered in its favor and against Dr. Campos-Sackley and that it be awarded its reasonable costs and attorneys' fees in accordance with applicable law, along with such other and further relief as the Court deems appropriate.

All allegations not admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Baptist states as follows:

### First Affirmative Defense

Dr. Campos-Sackley never was employed by Baptist and, therefore, Dr. Campos-Sackley cannot state a claim against Baptist.

### Second Affirmative Defense

Dr. Campos-Sackley is not a qualified individual with a disability under the FCRA and/or the ADA.

### Third Affirmative Defense

Dr. Campos-Sackley is not otherwise qualified within the meaning of the FCRA and/or the ADA.

**Fourth Affirmative Defense**

The accommodation requested by Dr. Campos-Sackley was not reasonable because it would have imposed on her employer, Doctors Hospital, an undue hardship on the operations of its business.

**Fifth Affirmative Defense**

The accommodation requested by Dr. Campos-Sackley was not reasonable because, if provided by her employer, Doctors Hospital, it would not have enabled her to perform the essential functions of her position.

**Sixth Affirmative Defense**

Dr. Campos-Sackley could not be reasonably accommodated within the meaning of the FCRA and/or the ADA.

**Seventh Affirmative Defense**

The actions complained of were required by business necessity and were based upon factors other than the alleged disability of Dr. Campos-Sackley.

**Eighth Affirmative Defense**

The employment practices of Doctors Hospital and of Baptist, to the extent they are relevant herein, are now, and have been during the period of time referred to in the Complaint in Intervention, conducted in all respects in accordance with applicable laws and regulations.

**Ninth Affirmative Defense**

Dr. Campos-Sackley has failed to mitigate her alleged damages.

**Tenth Affirmative Defense**

To the extent the damages sought by the EEOC and Dr. Campos-Sackley are duplicative, Baptist states that they are not entitled to "double recovery" against Baptist.

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**

1200 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel:  (305) 373-3232
Fax: (305) 373-3233


By:  /s/ Eric D. Isicoff
     Teresa Ragatz
     Florida Bar No. 545170
     Ragatz@irlaw.com
     Eric D. Isicoff
     Florida Bar No. 372201
     Isicoff@irlaw.com
     Christopher M. Yannuzzi
     Florida Bar No. 0092166
     Yannuzzi@irlaw.com


## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

CM/ECF this 26th day of June, 2013, upon the following:

Aarrin Golson, Esq.
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
aarrin.golson@eeoc.gov

Paul F. Penichet, Esq.
Paul F. Penichet, P.A.
907 Biscayne Building
19 W. Flagler Street
Miami, FL 33130
paul@penichetlaw.com


               By: /s/ Eric D. Isicoff
                    Eric D. Isicoff