IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 13-21411-CIV-KING

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| Dr. Lianette Campos-Sackley, | ) ) |
| Plaintiff-Intervener, | ) ) |
| v. | ) ) |
| Baptist Health South Florida, Inc., | ) ) |
| Defendant. | ) ) / |

**PLAINTIFFS' UNOPPOSED JOINT MOTION FOR LEAVE
TO AMEND COMPLAINTS**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and S.D.Fla. L.R. 15.1, Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervener Dr. Lianette Campos-Sackley ("Dr. Campos-Sackley") hereby move this Court for leave to file Amended Complaints. In support of their motion, EEOC and Plaintiff-Intervener state:

1. EEOC filed a Complaint on April 22, 2013, alleging that Defendant Baptist Health South Florida, Inc. ("Baptist") violated Title I of the Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. §12101, *et seq.*, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), when it hired and subsequently terminated Dr. Campos-Sackley based on her disability (epilepsy). *See* DE # 1.

1

2. On May 16, 2013, Baptist filed its Answer in response to EEOC's Complaint in which it alleges that it is not an employer of Dr. Campos-Sackley and identifies Doctor's Hospital Inc., ("Doctors") as Dr. Campos-Sackley's employer in this matter. *See* DE # 7, Preamble.

3. Shortly thereafter, on June 12, 2013, Intervener Dr. Campos-Sackley filed her unopposed Motion to Intervene and filed a Complaint in Intervention. *See* DE # 10.

4. On June 26, 2012, Baptist filed its response to Plaintiff-Intervener Campos-Sackley's Complaint, again asserting its position that Baptist is not the proper Defendant because it was not Campos-Sackley's employer. *See* D.E. # 13, ¶ 3.

5. Subsequently, on September 5, 2013, EEOC served Defendant Baptist with discovery directed at Baptist's contention that it was not the employer of Dr. Campos-Sackley. On November 20, 2013, Baptist served its responses. EEOC is in the process of reviewing Baptist's discovery responses and will seek to confer soon with Baptist concerning what EEOC believes to be deficiencies in its responses.

6. Notwithstanding that EEOC and Plaintiff-Intervener believe that Baptist is the appropriate Defendant in this action as it was Plaintiff-Intervener's employer, Plaintiffs wish to amend their original Complaints to add Doctor's Hospital, Inc. as a defendant-employer in this action in an abundance of caution. Plaintiff EEOC and Plaintiff-Intervener will continue to conduct discovery concerning Defendant Baptist's contention that it is not a proper defendant and whether Doctor's Hospital, Inc. is an employer, joint employer and/or operating as an integrated enterprise with Baptist as concerns the employment of Plaintiff-Intervener Campos-Sackley.

7. Plaintiff EEOC's proposed Amended Complaint is attached as Exhibit A hereto. Plaintiff-Intervener Campos-Sackley's proposed Amended Complaint is attached as Exhibit B hereto.

**Memorandum of Law**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). Leave to amend a complaint should be denied only if there has been undue delay or bad faith, the amendment would cause undue prejudice or the amendment would be futile. *See Ray v. Equifax Information Services, LLC*, 327 Fed. Appx. 819 (11th Cir. 2009). Delay alone is insufficient to defeat a motion for leave to amend unless the defendant can show undue prejudice resulting from the delay. *See In re Riley v. IRS*, 202 B.R. 169 (M.D. Fla. 1996). Here, the Plaintiffs seek to amend their respective Complaints after the filing of Defendant's Answers and Affirmative Defenses to Plaintiff EEOC's Complaint and Plaintiff-Intervener's Complaint to address an issue that was raised in Defendant Baptist's Answers and Affirmative Defenses and that has yet to be fully addressed in discovery. *See* DE# 7.

Although this Court has issued its Scheduling Order, there is no specific deadline by which the Parties were required to amend their pleadings. Nevertheless, EEOC and Plaintiff-Intervener did not delay in filing this motion as the Answers were not filed and served until May 16, 2013 and June 26, 2013 respectively and discovery is not scheduled to end in this case until May 28, 2014, which allows ample time for the Parties to propound discovery on relevant matters raised in the Amended Complaints. *See* DE #8. Additionally, EEOC has served discovery directed solely to Baptist's affirmative defense that "Dr. Campos-Sackley never was employed by Defendant, Baptist Health South Florida, Inc. and, therefore, Plaintiff cannot state a claim against it on her behalf," and is in the process of assessing Baptist's responses and objections thereto. As a result of the foregoing, Defendant will not be prejudiced by the amendments sought here. Plaintiffs' amendments would not be futile, but rather would be in the

interests of justice, because Baptist has indicated that Dr. Campos-Sackley's proper employer is Doctor's Hospital, Inc.

Pursuant to S.D.Fla. L.R. 7.1(a)(3), and prior to filing this Motion, undersigned counsel for EEOC contacted counsel for Defendant Baptist to determine Defendant's position on the relief sought herein. Undersigned counsel is authorized to represent that Defendant does not object to Plaintiff EEOC and Plaintiff-Intervener's joint motion for leave to amend their respective Complaints.

For the foregoing reasons, Plaintiffs EEOC and Dr. Campos-Sackley respectfully request that this Court grant their Joint Motion for Leave to File Amended Complaints.

Respectfully Submitted,

/s/ Aarrin Golson
AARRIN GOLSON
Trial Attorney
Florida Bar No. 892491
U. S. Equal Employment
Opportunity Commission
Miami District Office
100 SE 2nd St., Suite 1500
Miami, FL 33131
Telephone:	(305) 808-1783
Facsimile:	(305) 808-1835
E-mail:	Aarrin.golson@eeoc.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on December 16, 2013, on all counsel or parties of record on the Service List below.

/s/Aarrin Golson
AARRIN GOLSON

SERVICE LIST

4

Teresa Ragatz
Ragatz@irlaw.com
Eric D. Isicoff
Isicoff@irlaw.com
Christopher M. Yannuzzi
Yannuzzi@irlaw.com
ISICOFF, RAGATZ & KOENIGSBERG
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

*Attorney for Defendant*

Paul Penichet
PAUL F. PENICHET, P.A.
19 W. Flagler Street
Suite 907
Miami, Florida 33130
Tel.: (305) 373-8809
Fax: (305) 373-8810
Email: paul@penichetlaw.com

*Attorney for Plaintiff-Intervener*