UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:13-cv-21411-JLK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

and

LIANETTE CAMPOS-SACKLEY,

    Intervenor,

vs.

BAPTIST HEALTH SOUTH FLORIDA,
INC., and DOCTORS HOSPITAL, INC.

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT IN INTERVENTION**

    Defendants, Baptist Health South Florida, Inc. ("Baptist") and Doctors Hospital, Inc. ("Doctors"), by and through their undersigned counsel, hereby answer the Amended Complaint in Intervention filed by Intervenor, Lianette Campos-Sackley ("Dr. Campos-Sackley"), and assert affirmative defenses thereto.

**ANSWER**

    Defendants answer the Amended Complaint in Intervention in correspondingly numbered paragraphs, as set forth below. All allegations not admitted below are hereby denied.

    1.    Defendants admit the allegations set forth in paragraph 1.

    2.    Defendants admit the allegations set forth in paragraph 2.

3. Defendants admit that Baptist plays a role in the operation of Doctors. Defendants deny the remaining allegations set forth in paragraph 3, as stated.

4. Defendants admit the allegations set forth in paragraph 4.

5. Defendants admit that Dr. Campos-Sackley was employed as a General Medical Practitioner in support of Dr. Aizik Wolf's practice at the Gamma Knife Center at Doctors as of November 18, 2010. Defendants deny the remaining allegations set forth in paragraph 5.

6. Defendants admit that the Equal Employment Opportunity Commission ("EEOC") has sued Defendants for alleged violation of the Americans with Disabilities Act, as amended ("ADA") but deny the remaining allegations set forth in paragraph 6.

7. Defendants state that Dr. Campos-Sackley's Charge of Discrimination speaks for itself and, to the extent the allegations set forth in paragraph 7 are inconsistent therewith, they are denied.

8. Defendants state that Dr. Campos-Sackley's Charge of Discrimination speaks for itself and, to the extent the allegations set forth in paragraph 7 are inconsistent therewith, they are denied.

9. Defendants deny the allegations set forth in paragraph 9.

10. Defendants state that any amended pleading filed by the EEOC speaks for itself and, to the extent the allegations set forth in paragraph 10 are inconsistent therewith, they are denied.

11. Defendants are without knowledge as to the alleged facts Dr. Campos-Sackley believes give rise to a claim under the Florida Civil Rights Act ("FCRA") or ADA, as they are not set forth. Accordingly, Defendants deny the allegations set forth in paragraph 11.

12. Defendants are without knowledge as to the alleged questions of law Dr. Campos-Sackley believes give rise to a claim under the FCRA or ADA, as they are not set forth. Accordingly, Defendants deny the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants admit that Dr. Campos-Sackley demands judgment against Defendants but deny her entitlement to any of the relief sought.

WHEREFORE, Defendants deny that Dr. Campos-Sackley is entitled to any of the relief she seeks and request that judgment be entered in their favor and against Dr. Campos-Sackley and that they be awarded their reasonable costs and attorneys' fees in accordance with applicable law, along with such other and further relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendants state as follows:

#### First Affirmative Defense

Dr. Campos-Sackley is not a qualified individual with a disability under the FCRA and/or the ADA.

#### Second Affirmative Defense

Dr. Campos-Sackley is not otherwise qualified within the meaning of the FCRA and/or the ADA.

### Third Affirmative Defense

The accommodation requested by Dr. Campos-Sackley was not reasonable because it would have imposed on her employer an undue hardship on the operations of its business.

### Fourth Affirmative Defense

The accommodation requested by Dr. Campos-Sackley was not reasonable because, if provided by her employer, it would not have enabled her to perform the essential functions of her position.

### Fifth Affirmative Defense

Dr. Campos-Sackley could not be reasonably accommodated within the meaning of the FCRA and/or the ADA.

### Sixth Affirmative Defense

The actions complained of were required by business necessity and were based upon factors other than the alleged disability of Dr. Campos-Sackley.

### Seventh Affirmative Defense

Defendants' employment practices are now, and have been during the period of time referred to in the Amended Complaint in Intervention, conducted in all respects in accordance with applicable laws and regulations.

### Eighth Affirmative Defense

Dr. Campos-Sackley has failed to mitigate her alleged damages.

### Ninth Affirmative Defense

To the extent the damages sought by the EEOC and Dr. Campos-Sackley are duplicative, Defendants state that no "double recovery" should be permitted.

          Respectfully submitted,

          **ISICOFF, RAGATZ & KOENIGSBERG**
          1200 Brickell Avenue, Suite 1900
          Miami, Florida 33131
          Tel: (305) 373-3232
          Fax: (305) 373-3233

          By: /s/ Eric D. Isicoff
              Teresa Ragatz
              Florida Bar No. 545170
              Ragatz@irlaw.com
              Eric D. Isicoff
              Florida Bar No. 372201
              Isicoff@irlaw.com
              Christopher M. Yannuzzi
              Florida Bar No. 0092166
              Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 29th day of January, 2014, upon the following:

Aarrin Golson, Esq.
Kimberly A. McCoy-Cruz, Esq.
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Aarrin.Golson@eeoc.gov
Kimberly.McCoy-Cruz@eeoc.gov

Paul F. Penichet, Esq.
Paul F. Penichet, P.A.
907 Biscayne Building
19 W. Flagler Street
Miami, Florida 33130
paul@penichetlaw.com

          By: /s/ Eric D. Isicoff
             Eric D. Isicoff