**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:13-cv-21411-JLK**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**and**

**LIANETTE CAMPOS-SACKLEY,**

**Intervenor,**

**vs.**

**BAPTIST HEALTH SOUTH FLORIDA, INC., and DOCTORS HOSPITAL, INC.**

**Defendants.**
_______________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Baptist Health South Florida, Inc. ("Baptist") and Doctors Hospital, Inc. ("Doctors"), by and through their undersigned counsel, hereby answer the Amended Complaint filed by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and assert affirmative defenses thereto.

**ANSWER**

Defendants answer the Amended Complaint in correspondingly numbered paragraphs, as set forth below. All allegations not admitted below are hereby denied.

1. Defendants admit that this Court has jurisdiction over the claim asserted herein but deny the sufficiency of same.

2. Defendants deny that any unlawful employment practices were committed but admit that venue is proper in this Court.

3. Defendants admit the allegations set forth in paragraph 3.

4. Defendants deny the allegations set forth in paragraph 4, as stated.

5. Defendants admit the allegations set forth in paragraph 5.

6. Defendants admit the allegations set forth in paragraph 6.

7. Defendants admit the allegations set forth in paragraph 7.

8. Defendants deny the allegations set forth in paragraph 8. The Letter of Determination issued by the EEOC was directed only to Doctors and not to Baptist.

9. Defendants admit that, prior to the institution of this law suit, attempts were made by representatives of the EEOC and Doctors to resolve this matter, which efforts were unsuccessful. Defendants deny that the remaining allegations set forth in paragraph 9.

10. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 10 and, therefore, deny same.

11. Defendants admit that Baptist is a non-profit health care organization in Florida but deny the remaining allegations set forth in paragraph 11.

12. Defendants admit that Doctors is located in Coral Gables, Florida and is affiliated with Baptist but deny the remaining allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants admit that Baptist performs certain functions for its affiliated hospitals, including Doctors, but deny the allegations set forth in paragraph 15 and its subparts, as stated.

16. Defendants admit that the CEO and senior financial officer of Doctors are selected and paid by Baptist. Defendants deny the remaining allegations set forth in paragraph 16.

17. Defendants admit the allegations set forth in paragraph 17.

18. Defendants admit the allegations set forth in paragraph 18.

19. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 19 and, therefore, deny same.

20. Defendants admit the allegations set forth in paragraph 20.

21. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 21 and, therefore, deny same.

22. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 22 and, therefore, deny same.

23. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 23 and, therefore, deny same.

24. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 24 and, therefore, deny same.

25. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 25 and, therefore, deny same.

26. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 26 and, therefore, deny same.

27. Defendants admit the allegations set forth in paragraph 27.

28. Defendants admit that, on November 18, 2010, Doctors offered Dr. Campos-Sackley a position to support Dr. Aizik Wolf's practice in the Gamma Knife Program, which Dr.

Campos-Sackley accepted. Defendants also admit that Dr. Campos-Sackley worked under the supervision of Dr. Wolf. Defendants deny the remaining allegations set forth in paragraph 28.

29. Defendants admit that Dr. Campos-Sackley worked closely with Dr. Wolf as his assistant but deny the remaining allegations set forth in paragraph 29.

30. Defendants admit that paragraph 30 sets forth some of Dr. Campos-Sackley's job duties.

31. Defendants deny the allegations set forth in paragraph 31.

32. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 32 and, therefore, deny same.

33. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 33 and, therefore, deny same.

34. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 34 and, therefore, deny same.

35. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 35 and, therefore, deny same.

36. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 36 and, therefore, deny same.

37. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 37 and, therefore, deny same.

38. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 38 and, therefore, deny same.

39. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 39 and, therefore, deny same.

40. Defendants admit that, in order to perform the essential functions of her position, Dr. Campos-Sackley was sometimes required to work in excess of eight hours per day, a condition to which she agreed at the outset of her employment. Defendants deny the remaining allegations set forth in paragraph 40.

41. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 41 and, therefore, deny same.

42. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 42 and, therefore, deny same.

43. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 43 and, therefore, deny same.

44. Defendants admit that, on or about January 10, 2011, Dr. Campos-Sackley advised Mr. Mungo that she needed her rest and that she needed to reduce her work hours to eight hours per day. Defendants deny the remaining allegations set forth in paragraph 44.

45. Defendants admit that Mr. Mungo told Dr. Campos-Sackley that he would speak to Dr. Wolf. Defendants deny the remaining allegations set forth in paragraph 45.

46. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 46 and, therefore, deny same.

47. Defendants admit that, during her meeting with Mr. Mungo and Ms. Joakimsen, Dr. Campos-Sackley requested that her work hours be reduced to eight hours per day, and Mr. Mungo and Ms. Joakimsen indicated that they would speak with Dr. Wolf about her request. Defendants deny the remaining allegations set forth in paragraph 47.

48. Defendants deny the allegations set forth in paragraph 48.

49. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 49 and, therefore, deny same.

50. Defendants deny the allegations set forth in paragraph 50.

51. Defendants admit that, because Dr. Campos-Sackley could no longer fulfill the terms of her employment agreement with Doctors, she was referred to Doctors' Integrated Disability Management Department in order to engage in the interactive process in an attempt to identify a reasonable accommodation for her, including a leave of absence and reassignment to a vacant position. Defendants deny the remaining allegations set forth in paragraph 51.

52. Defendants admit that, Dr. Campos-Sackley's meeting with Ms. Gonzalez, the essential functions of her position were reviewed. Defendants deny that Dr. Campos-Sackley stated that she could perform each of them because, as Dr. Campos-Sackley admitted, she could not work more than eight hours per day.

53. Defendants are without knowledge sufficient either to admit or deny the allegations set forth in paragraph 53 and, therefore, deny same.

54. Defendants deny the allegations set forth in paragraph 54.

55. Defendants deny the allegations set forth in paragraph 55.

56. Defendants incorporate by reference their responses to paragraphs 11 through 55 as though fully set forth herein.

57. Defendants deny the allegations set forth in paragraph 57.

58. Defendants deny the allegations set forth in paragraph 58.

59. Defendants deny the allegations set forth in paragraph 59.

60. Defendants deny the allegations set forth in paragraph 60.

WHEREFORE, Defendants deny that Dr. Campos-Sackley is entitled to any of the relief she seeks and request that judgment be entered in their favor and against Dr. Campos-Sackley and that they be awarded their reasonable costs and attorneys' fees in accordance with applicable law, along with such other and further relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

For their affirmative defenses, Defendants state as follows:

**First Affirmative Defense**

Dr. Campos-Sackley is not a qualified individual with a disability under the FCRA and/or the ADA.

**Second Affirmative Defense**

Dr. Campos-Sackley is not otherwise qualified within the meaning of the FCRA and/or the ADA.

**Third Affirmative Defense**

The accommodation requested by Dr. Campos-Sackley was not reasonable because it would have imposed on her employer an undue hardship on the operations of its business.

**Fourth Affirmative Defense**

The accommodation requested by Dr. Campos-Sackley was not reasonable because, if provided by her employer, it would not have enabled her to perform the essential functions of her position.

**Fifth Affirmative Defense**

Dr. Campos-Sackley could not be reasonably accommodated within the meaning of the FCRA and/or the ADA.

**Sixth Affirmative Defense**

The actions complained of were required by business necessity and were based upon factors other than the alleged disability of Dr. Campos-Sackley.

**Seventh Affirmative Defense**

Defendants' employment practices are now, and have been during the period of time referred to in the Amended Complaint, conducted in all respects in accordance with applicable laws and regulations.

**Eighth Affirmative Defense**

Dr. Campos-Sackley has failed to mitigate her alleged damages.

**Ninth Affirmative Defense**

To the extent the damages sought by the EEOC and Dr. Campos-Sackley are duplicative, Defendants state that no "double recovery" should be permitted.

Respectfully submitted,

**ISICOFF, RAGATZ & KOENIGSBERG**
1200 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Eric D. Isicoff
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Christopher M. Yannuzzi
Florida Bar No. 0092166
Yannuzzi@irlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 29th day of January, 2014, upon the following:

Aarrin Golson, Esq.
Kimberly A. McCoy-Cruz, Esq.
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Aarrin.Golson@eeoc.gov
Kimberly.McCoy-Cruz@eeoc.gov

Paul F. Penichet, Esq.
Paul F. Penichet, P.A.
907 Biscayne Building
19 W. Flagler Street
Miami, Florida 33130
paul@penichetlaw.com

By: /s/ Eric D. Isicoff
Eric D. Isicoff