IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 13-21411-CIV-KING

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

and

DR. LIANETTE CAMPOS-SACKLEY,

          Plaintiff-Intervenor,

      v.

BAPTIST HEALTH SOUTH FLORIDA,
INC., and DOCTORS HOSPITAL, INC.,

          Defendants.
_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendants Baptist Health South Florida, Inc. and Doctors Hospital, Inc. (collectively, "Baptist"). EEOC and Baptist are collectively referred to as the "Parties" throughout this Decree.

### INTRODUCTION

1. EEOC filed this action on April 22, 2013, under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil

1

Rights Act of 1991, 42 U.S.C. §1981a, to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Dr. Lianette Campos-Sackley ("Charging Party").

2. EEOC alleges that Baptist violated the ADA/ADAAA by unlawfully denying Charging Party the reasonable accommodation of a modified work schedule and/or reassignment to a vacant position for which she was qualified. Baptist denies the allegations and asserts affirmative defenses.

3. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

6. This Decree fully and finally resolves any and all claims asserted in the Complaint filed by EEOC in this action styled *EEOC v. Baptist Health South Florida, Inc. and*

*Doctors Hospital, Inc.*, Case No. 13-21411-CIV-KING in the United States District Court, Southern District of Florida on April 22, 2013, which arose from EEOC Charge No. 510-2011-04975 filed by Charging Party. Baptist disclaims all liability in this matter. No party admits the claims or defenses of the other.

7. The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Baptist brought by any other employee other than the Charging Party. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Baptist in accordance with standard EEOC procedures.

## FINDINGS

8. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties.

    b. No party shall contest the federal district court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

    c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Party and the public interest are adequately protected by this Decree.

    d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person. The

entry of this Decree will further the objectives of the ADA/ADAAA and will be in the best interests of Charging Party, Baptist, EEOC and the public.

e. The terms of this Decree are and shall be binding upon Baptist, and their successors and assigns.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## DURATION OF THE DECREE

9. The duration of the Decree shall be in effect for a period of two years, which period commences the day immediately following the Court's approval of the Decree.

## INJUNCTIVE RELIEF

10. Baptist shall take all necessary affirmative steps to ensure that it provides reasonable accommodation(s) to qualified individuals with disabilities who are employees or applicants for employment, unless to do so would cause undue hardship.

## MONETARY RELIEF FOR CHARGING PARTY

11. Baptist shall pay Charging Party the total sum of **$215,000.00.**

12. The payment set forth in Paragraph 11, above, shall be made within ten (10) business days following the Court's approval of this Decree. Payments shall be made as follows:

    a. A check representing back pay in the amount of $50,000.00, less applicable deductions and for which an IRS Form W-2 shall be issued, shall be made payable to Lianette Campos-Sackley; and

    b. A check representing compensatory damages and attorney's fees in the amount of $165,000.00, for which an IRS Form 1099 shall be issued, shall be made payable to the Trust Account of Paul F. Penichet, P.A.

13. The payments set forth in Paragraph 12 above shall be mailed via certified mail, return receipt requested, or hand delivered to: Paul F. Penichet, Esq., Paul F. Penichet, P.A., 19 West Flagler Street, Suite 907, Miami, Florida 33130.

14. Copies of the payments and related documents (including copies of IRS Forms) shall be sent contemporaneously with checks, forms and/or other communications sent to the Charging Party to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: "Baptist Consent Decree," at United States Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

15. If Charging Party fails to timely receive the payments described in Paragraphs 11 and 12 above, then Baptist shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

### IMPLEMENTATION OF SCHEDULE MODIFICATION AS A REASONABLE ACCOMMODATION IN ACCORDANCE WITH BAPTIST POLICY NO. BHSF-HR-1500

16. Baptist shall permit schedule modification, including but not limited to the limitation of the workday to eight (8) hours a day in an appropriate case, as a reasonable accommodation where to do so would not create an undue hardship, on a case by case basis and consistent with applicable law.

17. Where an employee with a disability requests a schedule modification as an accommodation, Baptist shall proceed as follows:
    a. Where necessary to determine the appropriate schedule modification, Baptist will continue to initiate an informal, interactive process with the employee requesting an accommodation. This process will continue to involve discussion with the employee and presentation of appropriate supporting medical documentation to identify the precise limitations resulting from the disability and potential schedule changes that could enable the employee to perform the essential functions of the job without creating an undue hardship to Baptist;
    b. Baptist shall promptly respond to all requests for schedule modification accommodations in writing;
    c. To the extent that Baptist denies a request for a schedule modification accommodation, Baptist will document the reasons for the denial in the employee's Leave and Disability Administration file and provide a written explanation to the applicant/employee setting for the reasons for the denial.
    d. Baptist agrees that it will continue to follow its policy of no retaliation based upon a request for an accommodation.
18. When a disabled employee cannot be accommodated by schedule modification in his or her present position, Baptist will make reasonable efforts to reassign that person to a vacant position in a similar series for which he or she meets the qualifications of the position and can perform the essential functions of the position, either with or without reasonable accommodation. This process shall not require

disabled individuals to compete for a vacant position for which he or she qualifies. In the event the employee refuses the reassignment and there are no other reasonable accommodations available, then Baptist retains the right to terminate the employment of the employee based upon an inability to perform the essential functions of the job.

19. Baptist shall continue to maintain an EEO Policy that includes the following:
    a. Complaints of discrimination based on disability/failure to accommodate may be made to any manager or directly to human resources personnel;
    b. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;
    c. Employees will not be required to complain of disability discrimination/failure to accommodate directly to the individual that is engaged in the discriminatory behavior;
    d. The employer will protect the confidentiality of such complainants to the extent possible and will promptly and thoroughly investigate all complaints;
    e. The employer will take immediate and appropriate corrective action when it determines that disability-based discrimination or a failure to accommodate has occurred; and
    f. Employees who violate the policy are subject to discipline, up to and including discharge.
20. Baptist shall continue to maintain its employment policies on its Intranet and employees will be advised that such policies can be viewed at such location.

### TRAINING

21. Baptist shall provide Nelson Lazo and all managers under his direction and supervision, human resources personnel, and recruiting personnel at Doctors Hospital with three (3) hours of live training annually, during the term of this Decree (the "Management Training"). The first Management Training shall take place within ninety (90) calendar days of the Court's approval of this Decree.

22. The Management Training shall include the following: (1) an explanation of the prohibition against disability discrimination, the requirements for accommodation, including but not limited to schedule modification and the prohibition against retaliation under the ADA/ ADAAA; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under the ADA/ADAAA and Baptist's policies.

23. The Management Training shall be conducted by in-house counsel with experience in labor and employment. Baptist agrees to provide EEOC with at least three (3) weeks' notice before conducting training sessions pursuant to this Decree. In the written notice, Baptist shall notify EEOC of the dates on which training is scheduled and the name and job title of the person(s) who will conduct the training. EEOC shall have the right to attend the Management Training, and will provide notice in writing if it intends to do so. Baptist agrees to provide EEOC, upon request, with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

### POSTING OF NOTICE

24. Within ten (10) calendar days from the Court's execution of this Decree, Baptist shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice

attached as Exhibit A to this Decree at Doctors Hospital in conspicuous locations that are easily accessible, including employee bulletin boards dedicated to employee communications. The Notice shall remain posted for the duration of this Decree as set forth in Paragraph 9, above. Baptist shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within fifteen (15) calendar days from the Court's execution of this Decree, Baptist shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

### REPORTING

25. Baptist shall furnish to EEOC written annual reports for the duration of this Decree as set forth in Paragraph 9, above, following entry of this Decree. The first report shall be due twelve (12) months after entry of the Decree. Each such Report shall contain:

    a. Certification that the Notice required to be posted in Paragraph 24, above, remained posted during the entire twelve (12) month period preceding the Report.

    b. A certification that Baptist conducted all training required in Paragraphs 21-23 above.

    c. A description of each internal complaint of disability discrimination received at Baptist within the twelve (12) month period preceding the report, whether verbal or written, formal or informal;

d. A description of what action, if any, Baptist took in response to any complaint of disability discrimination where an accommodation was requested including reasons, if any, for the denial of requested accommodations;

e. In the event there are no internal complaints of disability discrimination to report pursuant to this paragraph, Baptist shall send the EEOC a report indicating no activity.

## COMPLIANCE

26. The EEOC may review compliance with this Decree at any time during its duration.

27. If at any time during the term of this Decree, the EEOC believes or suspects that Baptist is in violation of the Decree, the EEOC shall have a right to conduct an inspection and to interview any employees related to the violation. Baptist shall have the right to have a representative present for all interviews of management employees.

28. The EEOC must provide Baptist with five (5) business days' notice of its intent to conduct an inspection / interviews by notifying Julie Waas via electronic mail. After the inspection and/or interviews, the EEOC shall give notice of any alleged violation(s) to Baptist. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in Paragraph 30-31 below.

29. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Baptist Settlement," at United States Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

## DISPUTE RESOLUTION

30. In the event that EEOC believes that Baptist has failed to comply with any provision(s) of the Decree, EEOC will notify Baptist and Baptist must make a good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification. The fifteen (15) business days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraphs 11 and 12 above.

31. Following the fifteen (15) business day cure period, and consistent with the ADA/ADAAA, EEOC shall have the right to seek enforcement of the Decree and/or remedy any breach in this Court.

## DISMISSAL AND FEES AND COSTS

32. The parties shall enter into a Joint Motion for Approval of Consent Decree. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

33. Baptist shall bear all reasonable costs incurred by the EEOC caused by Baptist's noncompliance with this Decree, including, but not limited to, any and all reasonable costs arising out of EEOC's efforts to enforce this decree in Court, in the event that Baptist has not complied after the notice and right to cure period set forth in Paragraphs 30-31 has expired.

## UNACCEPTABLE CONDITIONS

34. Baptist will not condition the receipt of individual relief to Charging Party on her agreement to: (a) maintain as confidential the terms of this Consent Decree; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive her right to apply for a position with Defendant, recognizing that

Baptist has no obligation to create a position for her or to consider her for positions for which she is not qualified.

**SO ORDERED, ADJUDGED AND DECREED,** this __ day of _____ , 2014.

_____
THE HONORABLE JAMES LAWRENCE KING
SENIOR UNITED STATES DISTRICT JUDGE

**AGREED TO:**

**FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

By: _____

Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

Date: 2/11/14

**FOR THE DEFENDANTS BAPTIST HEALTH SOUTH FLORIDA, INC. and DOCTORS HOSPITAL, INC.**

By: Adriene McCoy

Print Name: Adriene McCoy

Title: Corporate VP and Chief HR Officer

Date: 2-10-14

As to form: _____

Eric Isicoff, Esq.
Isicoff, Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Telephone: (305) 373-3232 Ext. 104
Facsimilie: (305) 373-3233

13

**EXHIBIT A**
**NOTICE TO ALL BAPTIST HEALTH SOUTH FLORIDA EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *EEOC v. Baptist Health South Florida and Doctors Hospital, Inc.,* Case No. 13-21411 (S.D.Fla.). In this case, the Plaintiff alleged that Baptist discriminated against an employee by failing to provide her a reasonable accommodation. Baptist vigorously denies these allegations and will continue to comply with all applicable laws as set forth below.

The Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") protects individuals from employment discrimination because of a disability. Baptist does not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination. It is the policy of Baptist to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. Baptist will continue to adhere to its policy of prohibiting no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Non-Discrimination Act ("GINA"), the Equal Pay Act ("EPA") of 1963, and/or the Americans with Disabilities Act ("ADA").

Baptist assures its employees that it supports the ADA/ ADAAA and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Baptist's policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for the duration of the Consent Decree and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Baptist Settlement, c/o Regional Attorney Robert E. Weisberg, U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

Date: 2-10-14

*Adriene McCoy*
Baptist Health South Florida Representative